| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| LENROY MCLEAN, | § |
| | § |
| Petitioner, | § |
| | § |
| *versus* | § CIVIL ACTION NO. 1:19-CV-111 |
| | § |
| WARDEN, FCI BEAUMONT LOW, | § |
| | § |
| Respondent. | § |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Lenroy McLean, an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the above-styled petition should be dismissed without prejudice to petitioner's ability to pursue his claims by filing an appropriate civil rights action.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes petitioner's objections are without merit. Petitioner contends a petition for writ of habeas corpus is the proper type of proceeding in which to bring his claims concerning confinement in the Special Housing Unit without a detention order,

inhumane treatment in the Special Housing Unit, the processing of his grievances, and issues related to his hunger strike. Petitioner also asserts in an amended petition (docket entry no. 4) that he received a detention order for the Special Housing Unit dated January 31, 2019, but the detention order was forged. Petitioner requested an investigation of "this fraudulent misconduct." Finally, in a supplement to his original petition (docket entry no. 5), petitioner complains that his detention order and an incident report for inmate Michael Thomas were fraudulent.

As the Magistrate Judge determined, the writ of habeas corpus is the appropriate federal remedy for a prisoner challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A civil rights action, on the other hand, is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement. *See Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). The Fifth Circuit has adopted the following simple, bright-line rule for resolving this issue: "If a favorable determination . . . would not automatically entitle [the petitioner] to accelerated release, the proper vehicle is a [civil rights] suit." *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (internal citation omitted). Since petitioner complains of the conditions of his confinement and a favorable judgment will not automatically result in his accelerated release from confinement, petitioner must bring his claims in a civil rights action. Further, to the extent petitioner asserts that the incident reports of inmate Michael Thomas or inmate Duane Hosea[1] are fraudulent, petitioner lacks standing to contest the validity of an incident report of another inmate. Therefore, petitioner's objections are without merit and should be overruled.

---

[1] Attached as Exhibit B to petitioner's objections is an inmate grievance and response concerning inmate Duane Hosea, Administrative Remedy #979683-F1. Liberally construed, petitioner's exhibit is interpreted as a possible challenge to the incident report mentioned in the grievance or a challenge to the grievance procedure. In either case, however, petitioner has not shown he has standing or is authorized to bring any such challenge on behalf of inmate Hosea.

**ORDER**

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 10th day of February, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE